## ATKINS et al. v. W. R. CARPENTER & CO., Limited.

(District Court, N. D. California. First Division. May 27, 1921.)

No. 16552.

**Admiralty ☞47—Service of foreign attachment not legal.**

Under admiralty rule 11 of the District Court for the Northern District of California, providing that, when property named in a foreign attachment is not delivered up to the marshal by the garnishee, it shall be sufficient service of the attachment to leave a copy thereof with the garnishee, "with notice of the property attached," compliance with the latter provision, which was added to the rule to conform the practice to that under the state law in the service of writs of attachment, is essential to the validity of the service and to the acquiring by the court of jurisdiction over the property.

In Admiralty. Suit by G. H. Atkins and others against W. R. Carpenter & Co., Limited. On motion by respondent, appearing specially, to vacate attachments. Motion sustained.

Andros & Hengstler, of San Francisco, Cal., for libelants.

Samuel Knight and F. E. Boland, both of San Francisco, Cal., for American Trading Co.

William Denman, of San Francisco, Cal., for respondent W. R. Carpenter & Co., Limited.

DOOLING, District Judge. Upon the filing of the libel herein, libelant secured an order from the court for the issuance of a "monition against respondent, citing it to appear and answer, and in case respondent cannot be found that its goods and chattels be attached to the amount sued for, and if sufficient goods and chattels cannot be found, that its credits and effects be attached in the hands of American Trading Company and of Wolff, Kirchman & Co., garnishees, and of any other garnishees having credits and effects of said respondent in hands, and that said garnishees may be cited to appear and answer on oath as to credits and effects in their hands and belonging to respondent." This was the prayer of the libel, and the order of the court was in the following form: "Let process issue as prayed for."

The respondent is a foreign corporation and could not be found in this district. The process issued in accordance with this order was directed to the marshal and contained the following, after preliminary recitals:

"Now, therefore, we do hereby empower and strictly charge and command you, the said marshal, that you warn the said respondent, if it shall be found in your district, to be before the said District Court of the United States, at the United States Post Office Building, in the city and county of San Francisco, on the 6th day of May, 1919, at 10 o'clock a. m., then and there to answer the said libel, and to make its allegations in that behalf; and if the said respondent cannot be found in your district, we further command you that you attach its goods and chattels in your district to the amount sued for, and, if no goods and chattels can be found, that you attach his credits and effects to the amount sued for, in the hands of American Trading Company, and of Wolff, Kirchmann & Co., garnishees, and of any other garnishees hav-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing credits and effects of said respondent in hand, and that you summon the said garnishees to appear before the said District Court on the said 6th day of May. 1919, to do and abide what may be required of them in this behalf; and have you then and there this writ, with your return thereon."

The respondent not being found in the district, nor any of its goods or chattels, a copy of this process was delivered to American Trading Company and to Wolff, Kirchmann & Co. named therein as garnishees, but no notice of the property attached was given them, nor was any mention of such property made, nor were the effects and credits delivered to the marshal by the garnishee. The only service of the attachment was by the delivery of the copy of the process. This was on April 25, 1919. A second process without further order of the court was later issued, which was in the same form and served in the same way on May 1st. The garnishees answered as required, and it is contended by them that they had no credits or effects of respondent, and by libelant that they had.

Respondent, however, appearing specially for that purpose, moves to vacate the attachments on a number of grounds. The gravest one, in my opinion, is based on the fact that the only service on the garnishees was by leaving a copy of the process with them. The manner of service of a foreign attachment is provided for in rule 11 of the Admiralty Rules of this court which is as follows:

"11. *Service of Foreign Attachment; And of Process Against Freight and Proceeds.* When the property, effects, or credits named in any process of foreign attachment, are not delivered up to the marshal by the garnishee or are denied by him to be the property of the party defendant, it shall be a sufficient service of such foreign attachment to leave a copy thereof with such garnishee, or at his usual residence or place of business, with notice of the property attached; and on due return thereof by the marshal the libellant, on proof satisfactory to the court that the property belongs to the defendant, may proceed to a hearing and final decree in the cause. If the defendant appears, further proceedings may be had as is usual in suits in personam."

In addition to leaving a copy of the foreign attachment with the garnishee, this rule requires that there also be left with him "a notice of the property attached." The old rule required only that a copy of the foreign attachment be left with the garnishee. The words "with notice of the property attached" were added for a purpose, and I believe that purpose was to make the manner of service conform to the manner of service of writs of attachment under the state law. The New York rules, from which the rule of this court was taken, formerly provided that service might be made by leaving a copy of the attachment with the garnishee; but that rule has been amended, so that it, too, now requires that a notice of the property attached be also left with him. This manner of service conforms both here and in New York to the manner of service of an attachment in each state. There are many decisions in each state holding that the giving of a notice of the property attached is essential to a valid garnishment. As no service upon respondent can be had, the only jurisdiction that the court can have is over his property or effects in this district.

To acquire such jurisdiction the rules must be adhered to in all essentials. In the absence of a statute on the subject, they have the force

of law. It would be an idle thing to amend the rule, so as to require notice of the property attached to be given or left with the garnishee, and upon the first occasion when the question arises to say that the requirement is without any significance. The present rules were prepared by a committee of the admiralty bar, and adopted by the court as an improvement over the ones formerly in use, and there is no reason why they should not be given effect.

As there was no valid service of the attachments upon the garnishees named, and as such service is essential to the jurisdiction of the court over respondent's property, effects or credits in this district, the motion to vacate will be granted; and it is so ordered.